ALFRED JOHNSON, SBN 38790
LYLE C. CAVIN, JR., SBN 44958
LIA TRELEASE MARKS, SBN 282914
LAW OFFICES OF LYLE C. CAVIN, JR.
535 Pacific Avenue, Suite 100
San Francisco, California 94133
Tel: (510) 444-2501
Fax: (510) 444-4209
lmarks@sealawyer.com
ajohnson@sealawyer.com

Attorneys for Plaintiff
Lillian Wong

LAW OFFICES OF
LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION
535 PACIFIC AVENUE
SAN FRANCISCO, CA 94133 WWW.SEALAWYER.COM
TELEPHONE - (510) 444-2501
FACSIMILE - (510) 444-4209

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LILLIAN WONG,

Plaintiff,

v.

PRINCESS CRUISE LINES, LTD. dba PRINCESS CRUISES, and DOES One through Twenty, Inclusive,

Defendants. /

Case No.

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Lillian Wong, complains and alleges against Defendants Princess Cruise Lines, Ltd. dba Princess Cruises, and Does 1 through 20, Inclusive as follows:

I.

**PARTIES AND JURISDICTION**

1. Plaintiff, Lillian Wong, was at all times herein a citizen of the United States of America, and a resident of San Francisco, California.

2. Plaintiff is informed and believes that at all times herein mentioned, Defendant Princess Cruise Lines, Ltd, dba Princess Cruises was, and is, an unknown

LAW OFFICES OF
LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION
535 PACIFIC AVENUE
SAN FRANCISCO, CA 94133 WWW.SEALAWYER.COM TELEPHONE (510) 444-2501 FACSIMILE (510) 444-4209

business entity doing business within the state of California and this judicial district as PRINCESS CRUISES and subject to jurisdiction and venue within this judicial district.

3. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendant Princess Cruise Lines, Ltd., dba Princess Cruises had its principle place of business at 24305 Town Center Drive, in Santa Clarita, California, 91355.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does One through Twenty and therefore Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when they become ascertained. Plaintiff is informed and believes that each of the factiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by such Defendants.

5. Plaintiff is informed and believes that all of the Defendants, including those sued as Does One through Twenty, were and are the agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, employees and the like of their co-Defendants, and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as such agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, employees and the like with the permission, ratification, or consent of their co-Defendants and thus are legally liable for damages resulting from the acts or omissions of others.

6. At all times herein mentioned, Defendants and Does One through Twenty, and each of them, owned, operated, managed, maintained, controlled, chartered, and navigated the subject VESSEL upon navigable waters of the high seas. At all times herein mentioned, said VESSEL was operated as a cruise ship, carrying paying passengers on recreational cruises between, among other routes, Caribbean ports.

LAW OFFICES OF
LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION
535 PACIFIC AVENUE
SAN FRANCISCO, CA 94133 WWW.SEALAWYER.COM
TELEPHONE - (510) 444-2501
FACSIMILE - (510) 444-4209

7. Jurisdiction in this case is based on the general jurisdiction of this Court and the Admiralty and Maritime Jurisdiction under 28 U.S.C. §1333 ["savings to suitors" clause]. The substantive and procedural law of the General Maritime Law of the United States as well as any applicable federal statutes that apply in this case.

8. Venue in this case is proper under the Princess Cruise Lines Passage of Carriage Contract.

## II.

## GENERAL ALLEGATIONS

9. This action arises out of a maritime incident that occurred on the high seas on board the CARIBBEAN PRINCESS, a cruise ship (herein sometimes the "VESSEL"). This incident occurred on March 8, 2015, at approximately 11:30 a.m., while plaintiff Lillian Wong was being carried as a paying passenger by Defendant on the VESSEL, having boarded the VESSEL in reliance on the representations of the Defendants and for the financial benefit of Defendants.

10. Plaintiff slipped and fell in a puddle of water on the white tiled bathroom floor when a toilet overflowed.

11. Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her back, neck, shoulders, hip, arm, wrist and hand and received other injuries, and shock and injury to her nervous system, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering. As a result of said injuries, Plaintiff has been caused permanent disability.

## III.

## FIRST CAUSE OF ACTION

### (General Maritime Negligence)

12. Plaintiff refers to and by that reference herein incorporates as fully set forth herein each and every allegation contained in paragraphs 1 through 11 above.

13. On or about March 8, 2015, Plaintiff was a paying passenger aboard the VESSEL and invited to participate and engage in any and all leisure activates offered by

LAW OFFICES OF
LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION
535 PACIFIC AVENUE
SAN FRANCISCO, CA 94133 WWW.SEALAWYER.COM
TELEPHONE - (510) 444-2501
FACSIMILE - (510) 444-4209

Defendant. In doing so, Plaintiff entrusted her safety and welfare to the Defendants and their VESSEL, captain and crew, and the Defendants in turn owed a duty of reasonable care to Plaintiff to provide a safe environment, including bathrooms in the public spaces of the VESSEL, free of obstructions, hazards, debris, in which passengers, including Plaintiff could move about the VESSEL safely. At all times herein mentioned, Defendants owed Plaintiff a duty to warn Plaintiff of any unsafe conditions and/or hazardous areas on the VESSEL which Defendant knew or should have known existed.

14. In the course and scope of discharging their duties owed to the passengers, including Plaintiff, Defendants, and each of them, breached their obligations, promises, and duties of care to Plaintiff by the following wrongful acts or omissions.

15. Defendant breached these obligations, promises, and duties of due care in that VESSEL design, layout, maintenance, inspection, warnings and other acts and omissions of their employees, as outlined above, resulted in a hazardous, dangerous and/or defective condition which caused injury to Plaintiff.

16. As a legal result of Defendants' breaches and negligence, Plaintiff sustained serious and permanent injuries when she fell. Plaintiff was injured through no fault of her own but solely as a legal result of Defendant's breach of their duties.

17. As a further result of the negligence of Defendants, Plaintiff has sustained and will continue to sustain damages, including and without limitation, general damages, special damages, medical expenses, emotional distress and pain and suffering, all of which will be established at trial according to proof.

**SECOND CAUSE OF ACTION**

**(Negligence of Common Carrier)**

18. Plaintiff refers to and by that reference herein incorporates as fully set forth herein each and every allegation contained in paragraphs 1 through 11 above.

19. At all times herein mentioned, Defendants were owners and operators of a common carrier VESSEL on which Plaintiff was a person for hire and as such,

LAW OFFICES OF
LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION
535 PACIFIC AVENUE TELEPHONE - (510) 444-2501
SAN FRANCISCO, CA 94133 WWW.SEALAWYER.COM FACSIMILE (510) 444-4209

Defendants owed Plaintiff the duty to use the utmost care and diligence for her safe carriage on board the VESSEL and to exercise extraordinary vigilance and the highest skill to secure safe conveyance of Plaintiff.

20. At all times herein mentioned, Defendants owed to Plaintiff a duty to warn Plaintiff of any unsafe conditions and/or hazardous areas on the VESSEL which Defendants knew or should have known existed.

21. Defendants breached their aforesaid described duties to Plaintiff as a common carrier by the following wrongful acts, or omissions, including but not limited to:

a. Failure to provide Plaintiff with a safe environment to participate in the cruise experience and activity advertised and sold to Plaintiff;

b. Failure to design, engineer, install and/or maintain safe and appropriate layout of the VESSEL bathrooms;

c. Failure to adopt policies and procedures for the orderly and safe inspection and for the assessment of known and/or foreseeable risks on the VESSEL and its bathrooms, including the area where Plaintiff fell;

d. Failure to establish and implement safeguards regarding adequate and safe bathrooms, including the area where Plaintiff fell;

e. Failure to give orders and, instructions and/or warnings to the passengers, including the Plaintiff, such that said persons were put in danger of suffering serious bodily harm;

f. Failure to warn and inform Plaintiff of dangerous and/or unsafe conditions, which Defendants knew, or in the exercise of reasonable care under the circumstances, should have known;

g. Failure to instruct Defendants' employees to properly warn passengers, including Plaintiff, of water on the bathroom floor, resulting in a slipping hazard.

LAW OFFICES OF
LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION
535 PACIFIC AVENUE
SAN FRANCISCO, CA 94133 WWW.SEALAWYER.COM TELEPHONE - (510) 444-2501 FACSIMILE - (510) 444-4209

22. Defendant breached these obligations, promises, and duties of due care in that VESSEL design, layout, maintenance, inspection, warnings and other acts and omissions of their employees, as outlined above, resulted in a hazardous, dangerous and/or defective condition which caused injury to Plaintiff.

23. As a legal result of Defendants' breaches and negligence, Plaintiff sustained serious and permanent injuries when she fell. Plaintiff was injured through no fault of her own but solely as a legal result of Defendant's breach of their duties.

24. As a further result of the negligence of Defendants, Plaintiff has sustained and will continue to sustain damages, including and without limitation, general damages, special damages, medical expenses, emotional distress and pain and suffering, all of which will be established at trial according to proof.

**IV.**

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount to be ascertained;
2. For loss of earnings and earning capacity according to proof, plus interest thereon at the legal rate;
3. For medical and incidental expenses, according to proof;
4. For costs of suit incurred herein;
5. For prejudgment interest according to proof; and
6. For such other and further relief as the court deems just and proper.

Dated: March 8, 2016

THE LAW OFFICES OF LYLE C. CAVIN, JR.

By______________________
Alfred Johnson
Lia Trelease Marks
Attorneys for Plaintiff
Lillian Wong

LAW OFFICES OF
LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION
535 PACIFIC AVENUE
SAN FRANCISCO, CA 94133 WWW.SEALAWYER.COM FACSIMILE (510) 444-4209
TELEPHONE (510) 444-2501

**DEMAND FOR JURY TRIAL**

Plaintiff, Lillian Wong, hereby demands a trial by jury on all claims for relief.

Dated: March 8, 2015

THE LAW OFFICES OF LYLE C. CAVIN, JR.

By ______________________
Alfred Johnson
Lia Trelease Marks
Attorneys for Plaintiff
Lillian Wong